Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII (DJ-2025-063B)

| | | |
|---|---|---|
| BAS PROPERTIES, INC.<br><br>Peticionaria<br><br>v.<br><br>MIGUEL A. ORTIZ; ET AL.<br><br>Recurrida | TA2026CE00785 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br>E PE2012-0046<br>Sala: (Salón 803)<br><br>Sobre:<br>Injunction Clásico |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece MAO & Associates Investments, Inc. vía *certiorari* y solicita que revoquemos la *Resolución Moción de Reconsideración* y la *Resolución y Orden de Reconsideración Sobre Memorando de Costas* del Tribunal de Primera Instancia, Sala Superior de Caguas, emitidas el 19 de mayo de 2026 y el 29 de mayo de 2026, respectivamente. Por los fundamentos que expresaremos, denegamos expedir el auto de *certiorari*.

En síntesis, y en lo pertinente a nuestra determinación, el 28 de febrero de 2012 BAS Properties, Inc. presentó una demanda contra el señor Miguel Ortiz, Mao y otros por interdicto provisional, *injunction* preliminar, *injunction* permanente y daños y perjuicios. BAS alegó que era dueña del Lote E del Parque Industrial Bairoa, mientras que los codemandados eran dueños del colindante Lote C, más que la parte demandada pretendía construir un muro entre dichos lotes que

impediría el desagüe de las aguas pluviales de la propiedad de BAS y, en consecuencia, ocasionaría graves daños a las instalaciones de ésta. Asimismo, BAS especificó que ante el derecho que la parte recurrida mantiene como tenedor de una servidumbre de acueductos que grava la propiedad de la parte demandada, esta última parte estaba impedida de construir el muro. Después de celebrarse una vista, el Tribunal recurrido ordenó la paralización de la construcción antes referida.

Años después, y luego de MAO presentar una *Moción de Sentencia Sumaria* en la cual argumentó que faltaba una parte indispensable, el 17 de septiembre de 2025, el Tribunal de Primera Instancia resolvió sin lugar a dicha moción, pero añadió, mediante una nota al calce, que:

> Este Tribunal estima que también procede la imposición de una partida adicional en sanciones por ocupar de manera temeraria el tiempo de este Tribunal. Pero no lo haremos en esta ocasión, pues desempeñamos nuestra labor con gusto y responsabilidad. Nos parece que las costas y honorarios ya impuestos conducen efectivamente el mensaje de que este foro se toma su labor con seriedad, responsabilidad y celeridad, y esperamos contribuir a la pronta conclusión de este caso.

Así las cosas, y luego de la parte demandada solicitar desestimación, el 23 de abril de 2026, el Tribunal recurrido dispuso mediante una *Resolución Sobre Moción de Desestimación* que el Presidente Alon Shaked de BAS admitió bajo juramento que su corporación no poseía mueble alguno dentro de sus predios en el Parque Industrial Bairoa que pudiera sufrir daño a consecuencia de inundación de su predio. Por tanto, el foro determinó que BAS carecía de legitimación activa para reclamar daños a bienes muebles, pero sí para reclamar la acción de alegada servidumbre de paso de aguas que se vierten naturalmente en su predio y discurren naturalmente hacia el predio de MAO. Al desestimar con perjuicio la reclamación antes

referida, el Tribunal recurrido no hizo mención alguna sobre imponer honorarios u otras costas por temeridad.

Inconforme, la parte demandada solicitó reconsideración, solamente en cuanto a que el Tribunal de Primera Instancia no impuso los honorarios y las sanciones contra BAS; igual los codemandados consideran que se debió dejar sin efecto la orden de paralización del 2012. El Tribunal recurrido resolvió sin lugar.

Mientras tanto, el 7 de mayo de 2026, los codemandados presentaron un *Memorando de Costas* y solicitó al Tribunal recurrido que concediera a MAO el pago de costas y gastos por no menos del setenta y cinco (75%) por ciento del monto, es decir, no menos de veinte mil doscientos sesenta y tres dólares con seis centavos ($20,263.06). Ante esto, el Tribunal de Primera Instancia ordenó a los codemandados a pagar el referido importe, pero, ante la solicitud de reconsideración de BAS, dicho Tribunal dejó sin efecto su anterior determinación, ya que el expediente carecía de finalidad y, por efecto, las costas reclamadas son prematuras.

Insatisfecha, la peticionaria recurre ante este Tribunal y alega que el Tribunal de Primera Instancia en resumidas cuentas erró al (1) no dejar sin efecto la paralización de las obras de MAO, ante el hecho de que por falta de legitimación activa desestimó la única alegación de daños inminentes; (2) descartar que BAS actuó de manera temeraria y frívolamente al radicar una petición de *injunction* sin contar con la legitimación activa; (3) no conceder el *Memorando de Costas* a favor de los peticionarios, a pesar de haberse desestimado el único reclamo de daños inminentes; y (5) entender que dicha desestimación no dio la finalidad procesal necesaria en derecho, por lo cual debió haber dictado

sentencia parcial. Presentada la oposición de la parte recurrida, resolvemos.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V) como de conformidad con los criterios dispuestos por la Regla 40 de este Tribunal de Apelaciones (4 LPRA. Ap. XXII-B). Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

De otra parte, nuestro ordenamiento jurídico permite la autolimitación jurídica de la legitimación activa de quienes acuden a los tribunales a vindicar sus derechos. *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920 (2011) (citando a *Col. Ópticos de P.R. v. Vani Visual Center*, 124 DPR 559 (1989)). De esta manera, el promovente de la acción podrá presentar su causa y así traerá a la atención del tribunal las cuestiones en controversia sobre la cual esta tendrá dominio y jurisdicción. Íd. (citando a *H5ernández Torres v. Hernández Colón*, 131 DPR 593 (1992)). Por otro lado, ante el cuestionamiento de la legitimación activa de una parte, el juzgador deberá tomar como ciertas las alegaciones de hechos del reclamante e interpretarlas de la

manera más favorable a ésta. Íd. (citando a *Crespo v. Cintrón*, 159 DPR 290 (2003)). A base de esto, si una parte carece de legitimación activa, el foro judicial no contará con la jurisdicción necesaria para atender en los méritos el caso. *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2012).

Sabido esto, cuando un pleito comprenda más de una reclamación mediante demanda o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito. Regla 42.3 de Procedimiento Civil, *supra*. De querer dictar una sentencia parcial, el Tribunal deberá concluir expresamente que no existe razón para posponer que se dicte sentencia sobre ciertas reclamaciones hasta la resolución total del pleito, y ordenar que se registre dicha sentencia. Íd. De cumplirse con todos los requisitos necesarios para emitir una sentencia parcial, dicha sentencia será final para todos los fines en cuanto a las reclamaciones o los derechos y las obligaciones en ella adjudicada. Íd. Véase *Freire Ruiz v. Morales Román*, 2024 TSPR 129, 215 DPR ___ (2024).

Ahora bien, el *injunction* requiere que una persona o entidad se abstenga de hacer determinada cosa que infrinja o perjudique el derecho de otra. *Senado de PR v. Gobierno de PR*, 203 DPR 62 (2019) (citando a Art. 675 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3521). En ese sentido, el *injunction* estatutario es aquel mecanismo, independiente, sumario y limitado cuyo propósito fundamental es hacer viable la efectividad de las leyes y los reglamentos, concedido a discreción del Tribunal adjudicador. *Díaz Vázquez v. Colón Peña*, 214 DPR 1135 (2024) (citando a *CBS Outdoor v. Billboard One, Inc. et al.*, 179 DPR 391 (2010)). Véase *Next Step Medical v. Bromedicon*, 190

DPR 474 (2014). En estas instancias, las reglas procesales aplicarán de manera supletoria en todo aquello que sea compatible con el estatuto que crea el procedimiento especial. *Díaz Vázquez v. Colón Peña*, *supra*. A esos efectos, toda persona legitimada deberá demostrar que (1) existe una ley o reglamento que regula dicho uso o actividad; y (2) la persona o personas señaladas se encuentran realizando un uso o actividad en violación a esa ley o reglamento. *ARPe v. Rivera*, 159 DPR 429 (2003).

Mientras tanto, el *injunction* preliminar tiene como propósito fundamental el mantener el *status quo* hasta que se celebre el juicio en sus méritos para que no se produzca una situación que convierta en académica la sentencia que finalmente se dicte, o se le ocasionen daños de mayor consideración al peticionario mientras perdura el litigio. *VDE Corportation v. F & R Contrators*, 180 DPR 21 (2010) (citando a *Rullán v. Fas Alzamora*, 166 DPR 742 (2006)). El *injunction* permanente se produce mediante una sentencia final, posterior a un juicio en sus méritos y del Tribunal tomar en consideración si existe o no otro remedio adecuado en ley. Véase *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409 (2008). Para estos últimos tipos de *injunction*, se expedirán a discreción del Tribunal adjudicativo y mientras exista algún daño irreparable. *Pérez Vda. Muñiz v. Criado,* 151 DPR 355 (2000) (citando a *A.P.P.R. v. Tribunal Superior*, 103 DPR 903 (1975); *Franco v. Oppenheimer*, 40 DPR 153 (1929); *Martínez v. P.R. Ry. Light & Power Co.*, 18 DPR 725 (1912)).

De otra parte, los dueños de predios sujetos a una servidumbre en equidad podrán, mediante un recurso de *injunction*, hacer efectivos sus derechos e impedir violaciones a las limitaciones impuestas. *Residentes Parkville v. Díaz*, 159 DPR 374 (2003) (citando a *Glines et*

*al. v. Matta et al.*, 19 DPR 409 (1913)). De validarse la existencia de la servidumbre, el Tribunal deberá evaluar (1) la naturaleza de los daños que pueden ocasionárseles a las partes; (2) la probabilidad de que la parte promovente prevalezca en los méritos; (3) la probabilidad de que la causa se torne académica; (4) el posible impacto sobre el interés público; (5) el tiempo que tardó el peticionario en presentar su reclamo; y (6) el efecto del tiempo en los intereses de las partes según la justicia social. *Ramírez Kurtz v. Damiani Ramos*, 214 DPR 986 (2024) (citando a *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ.*, 173 DPR 304 (2008)). No obstante, es menester aclarar que para probar la violación de la servidumbre para justificar la utilización del *injunction*, no será necesario evidenciar la existencia o la inmediatez de algún daño real o irreparable, o perjuicio sustancial. Íd. (citando a *Asoc. Vec. Urb. Huyke v. Bco. Santander*, 157 DPR 521 (2002)).

Por otro lado, las costas se concederán a la parte a cuyo favor se resuelva el pleito, excepto en aquellos casos en que se disponga lo contrario por ley. Regla 44.1 de Procedimiento Civil, *supra*. Esto es a razón de que la parte que reclama aquello a lo cual no tiene razón, obliga a otra a recurrir a los tribunales para hacer valer su valor y que litiga con el propósito de retrasar la justicia, es quien debe pagar por los gastos del pleito. *Garriga, Jr. v. Tribunal Superior*, 88 DPR 245 (1963). El Tribunal solamente podrá conceder las costas en cuanto a los gastos en que se incurrió necesariamente en la tramitación de un pleito o que dicho foro, en su discreción, estima que una parte litigante debe reembolsar a otra. Íd. Una vez reclamadas estas costas, la imposición de costas a favor de la parte victoriosa será mandatorio, aunque no de forma automática, ya que se tendrá que presentarse oportunamente un

memorando de costas en el que se precisen los gastos incurridos. *Rosario Domínguez v. ELA*, 198 DPR 197 (2017) (citando a *Colón Santos v. Coop. Seg. Mult. PR*, 173 DPR 170 (2008); *JTP Dev. Corp. v. Majestic Realty Corp.*, 130 DPR 456 (1992)). El Tribunal tendrá amplia discreción para evaluar la razonabilidad y determinar la necesidad de los gastos detallados. Íd. (citando a *Maderas Tratadas v. Sun Alliance et al.*, *supra*; *Auto Servi, Inc. v. ELA*, 142 DPR 321 (1997)).

Por último, cuando cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entiende corresponden a tal conducta. *González Ramos et al. v. Pacheco Romero et al.*, 209 DPR 138 (2022) (citando la Regla 44.1(a) de Procedimiento Civil, *supra*). Dicha temeridad aplica cuando una parte (1) alargue innecesariamente un pleito; o (2) interponga pleitos frívolos que obliguen a la parte contraria a incurrir en gastos innecesarios o gestiones evitables. *Pérez Rodríguez v. López Rodríguez et al.*, 210 DPR 163 (2022) (citando a *Nieves Huertas et al. v. ELA I*, 189 DPR 611 (2013); *Domínguez v. GA Life*, 157 DPR 690 (2002)).

Asimismo, nuestro Tribunal Supremo ha dispuesto que existe temeridad cuando (1) una parte contesta una demanda y niega responsabilidad total, aunque se acepte posteriormente; (2) una parte se defiende injustificadamente de la acción; (3) una parte considera que la cantidad reclamada es exagerada y que sea esa la única razón que se tiene para oponerse a las peticiones del demandante sin admitir su responsabilidad; (4) dicha parte se arriesga a litigar un caso del que se

desprende *prima facie* su responsabilidad; y (5) esta misma niega un hecho que le conste como cierto a quien hace la alegación. *Fernández v. San Juan Cement Co.*, 118 DPR 713 (1987) (citando a *Rodríguez Cancel v. AEE*, 116 DPR 443 (1985); *Pérez Cruz v. Hosp. La Concepción*, 115 DPR 721 (1984); *Abréu Román v. Rivera Santos*, 92 DPR 325 (1965); *Montañez Cruz v. Metro. Cons. Corp.*, 87 DPR 38 (1962); *Mercado v. American Railroad Co.*, 61 DPR 228 (1943); *Reyes v. Aponte*, 60 DPR 890 (1942)).

Por su naturaleza, la imposición de honorarios de abogados como sanción por temeridad pueden determinarse en cualquier tipo de acción judicial. *González Ramos et al. v. Pacheco Romero et al.*, *supra* (citando a *Elba ABM v. UPR*, 125 DPR 294 (1990)). No obstante, tal determinación descansa en la sana discreción del foro primario, por lo cual un foro apelativo no intervendrá a menos que se demuestre que la adjudicación monetaria es constitutiva de un claro abuso de discreción. *Pérez Rodríguez v. López Rodríguez et al.*, *supra* (citando a *Rodríguez de Oller v. TOLIC*, 171 DPR 293 (2007)).

En el presente caso, por una parte, no advertimos que el Tribunal de Primera Instancia haya errado o abusado de su discreción al denegar imponer honorarios o costas por temeridad contra la recurrida. Nuestro ordenamiento dispone que cualquier determinación sobre la conducta temeraria de una parte y sus consecuencias es discrecional y descansa en principio en el juicio valorativo del foro recurrido. El que dicho foro haya escrito en una nota al calce de una determinación ajena a la esfera de la presente controversia que pudo haber impuesto sanciones contra la parte demandada por su conducta temeraria, no significa que debiera

imponerlas en todo otro escenario, sin importar la evaluación de cada tema litigioso que esté ante él.

Asimismo, por otra parte, el Tribunal de Primera Instancia tenía la discreción para conceder o no el *Memorando de Costas* de MAO puesto que no había una adjudicación final; las mismas serán obligatorias siempre y cuando se resuelva finalmente el pleito. Al margen de si la peticionaria pudo convencernos de que la *Resolución* del Tribunal recurrido debió haber sido una sentencia parcial, lo cierto es que MAO omite considerar que dicha determinación no se ha tornado final y firme puesto que su término ha sido interrumpido por los recursos de reconsideración y de *certiorari* de la peticionaria.

Por último, la desestimación de los reclamos de BAS sobre los daños que sus instalaciones podrían sufrir no invalidó los argumentos sobre el derecho de servidumbre de la parte recurrida. Como antes descrito, nuestro ordenamiento dispone que el Tribunal de Primera Instancia podrá autorizar un *injunction* en demandas sobre servidumbre. Así las cosas, no constituye un exceso discrecional que el Tribunal recurrido no se viera obligado a anular la paralización emitida en el 2012 por haber desestimado solo una de las reclamaciones de BAS.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones